FEE PAID

FILED
CLERK, U.S. DISTRICT COURT
9/5/24
CENTRAL DISTRICT OF CALIFORNIA
BY ___MZ___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

NO CV-30
NO CV-71
N/S

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| **LIANGBEI WANG,**<br><br>*Plaintiff*<br><br>VERSUS<br><br>**APPLE INC.,**<br><br>*Defendant* | C.A. No. : 2:24-cv-07733-AB(MAAx)<br><br><br>**MOTION FOR IMMEDIATE**<br><br>**INJUNCTIVE RELIEF** |

## ARTICLE I: INTRODUCTION

1. **Nature of the Motion**: Plaintiff, Liangbei Wang ("Plaintiff"), respectfully submits this Motion for Immediate Injunctive Relief pursuant to Federal Rules of Civil Procedure Rule 65, seeking a preliminary and permanent injunction against Defendant, Apple Inc. ("Defendant"). This motion is necessitated by the Defendant's unauthorized actions and omissions, which have resulted in significant and ongoing violations of the Plaintiff's rights under the Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2510-2522.

**MOTION FOR IMMEDIATE INJUNCTIVE RELIEF**

2. **Parties Involved**: The Plaintiff, Liangbei Wang, He is the CEO of webthree inc.. The Defendant, Apple Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business located at California.

3. **Statement of Facts**: Plaintiff avers that on or before January 2018, he utilized Apple's cloud services for the storage of personal and professional data critical to his daily operations and legal matters. This data, associated with the Apple IDs shpl675@icloud.com and n0080470@icloud.com, included, but was not limited to, electronic mail, business documents, and personal memoranda. Since 2018, Plaintiff has been unable to access this data due to unilateral actions taken by the Defendant, purportedly under adjustments to policy and privacy regulations.

4. **Jurisdiction and Venue**: This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as the claims arise under the Electronic Communications Privacy Act (ECPA), a federal statute. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. **Legal Grounds for Injunctive Relief**: Plaintiff seeks injunctive relief compelling the Defendant to restore the previously accessible data, reinstate full access to Plaintiff's email and memo applications, and provide a formal written apology along with a detailed explanation as to the causes of the access issues. This relief is sought based on grounds that the Defendant's actions constitute not only a breach of contract but also a tortious interference with Plaintiff's property rights and violation of statutory rights under the ECPA.

**MOTION FOR IMMEDIATE INJUNCTIVE RELIEF**

6. **Purpose of the Motion**: The purpose of this motion is to prevent further irreparable harm to the Plaintiff by restoring his access to personal and business data critical to his ongoing legal and business activities, and to prevent the Defendant from continuing to violate federal privacy laws.

7. **Necessity of Court's Intervention**: Immediate judicial intervention is necessary as the Plaintiff has exhausted all other reasonable means to rectify the situation through direct communications with the Defendant and through complaints to regulatory bodies, all to no avail. The Plaintiff now turns to this Honorable Court to seek immediate relief to prevent ongoing damage and hardship.

## ARTICLE 1I: BACKGROUND

### A. Plaintiff's Personal and Corporate Background

Wang Liangbei, the Plaintiff, currently resides in HongKong, and holds a passport from Antigua and Barbuda, number AB097488. He is also the proprietor of a registered Delaware company, WebThree Inc. The Plaintiff resides in Shenzhen, but goes online in Hong Kong by using their mobile network. Because both Apple IDs are in the United States, it is difficult to log in to the US Apple ID from the mainland. The Plaintiff's international residence and business operations position him within the ambit of the Electronic Communications Privacy Act (ECPA), which protects communication information within the United States and extends its protective measures to U.S. citizens and business entities in foreign territories.

### B. Chronic Accessibility Issues and Specific Data Concerns

The Plaintiff has encountered persistent and unresolved issues accessing his critical personal and professional data stored within Apple Inc.'s cloud services. This problem

MOTION FOR IMMEDIATE INJUNCTIVE RELIEF

first manifested in January 2018 and continues despite exhaustive efforts to resolve these issues through various channels.

1. **Email Accessibility Issues**: The Plaintiff urgently requires access to the email contents of the shpl675@icloud.com account, which currently remains inaccessible despite numerous attempts to regain entry.

2. **Memo Accessibility Issues**: Associated with the aforementioned email account, memos critical to the Plaintiff's ongoing projects and personal records are stored but remain inaccessible.

3. **iCloud Drive Accessibility Issues**: The Plaintiff has been unable to access folders stored in the iCloud Drive associated with the shpl675@icloud.com account, which previously contained vital data, including emails, notes, and records of financial transactions and account balances.

4. **Differential Data Accessibility on Another Account**: Contrasting the above complications, the account associated with n0080470@icloud.com, while operational for current uses, suffers from similar issues wherein data stored prior to 2018 has been inexplicably deleted.

### C. Attempts to Mitigate and Resolve Issues

Over the years, the Plaintiff has engaged extensively with Apple Inc.'s customer support and filed formal complaints with significant oversight bodies, including the Federal Trade Commission (FTC) and the Better Business Bureau (BBB) under complaint number 21910231. Despite these efforts, the resolution to the data access issues remains inadequate, signaling a systemic failure on the part of the Defendant to address the grievances adequately.

**MOTION FOR IMMEDIATE INJUNCTIVE RELIEF**

### D. Impact on Plaintiff's Professional and Personal Life

The inability to access this essential data has led to significant disruptions in the Plaintiff's life and business, including lost business opportunities and compromised legal and financial strategies, resulting in considerable emotional and financial distress.

### E. Defendant's Justifications and Legal Deficiencies

Apple Inc. has repeatedly cited vague policy changes and unspecified legal restrictions as the basis for the data inaccessibility. However, the Defendant has failed to provide a substantial or legally adequate explanation or any concrete legal evidence justifying such actions, which appears to be a clear violation of the ECPA's protections.

### F. Legal and Statutory Violations

The Defendant's actions, or lack thereof, seemingly infringe upon the statutory protections afforded under the ECPA, with the Defendant's inadequate responses and the subsequent denials of access lacking appropriate justification, suggesting a potential breach of statutory duty and possible negligence in handling consumer data privacy.

### G. Need for Judicial Intervention

Given the ongoing nature of these violations and the insufficiency of prior non-judicial remedies, there is a compelling necessity for this Honorable Court's intervention to address the ongoing infringement of the Plaintiff's statutory and property rights and to prevent further irreparable harm.

### ARTICLE III: LEGAL ARGUMENT

### A. Violation of the Electronic Communications Privacy Act (ECPA)

1. **Statutory Framework**: The Plaintiff asserts that the Defendant's actions constitute a clear and egregious violation of the Electronic Communications Privacy Act (ECPA),

MOTION FOR IMMEDIATE INJUNCTIVE RELIEF

specifically under provisions that protect against unauthorized access and the failure to furnish access to electronic communications and stored electronic data to authorized users. The ECPA, codified at 18 U.S.C. §§ 2510-2522, aims to safeguard users' electronic communications from unauthorized surveillance and access, ensuring that entities like the Defendant handle such data with lawful care and diligence.

2. **Application to the Instant Case**: In the present matter, the Defendant has, by action and omission, denied the Plaintiff access to personal and professional electronic data, which, per the allegations and evidence submitted, is protected under the ECPA. This denial of access, particularly given the absence of a legally valid explanation or compliance with requisite legal standards, directly contravenes the protections afforded by the ECPA.

### B. Irreparable Harm

3. **Nature of Harm**: The Plaintiff has suffered and continues to suffer irreparable harm that cannot adequately be remedied by damages alone. This harm is multifaceted, encompassing severe disruptions to the Plaintiff's personal and professional life, emotional distress, potential loss of business, and ongoing legal impediments.

4. **Legal Precedence**: Courts have consistently held that when a plaintiff faces a loss that cannot be quantified solely in economic terms, such as a breach of privacy or loss of access to indispensable data, such harm is considered irreparable. Injunctions are therefore a recognized remedy for preventing the continuation or repetition of such harm.

### C. Likelihood of Success on the Merits

5. **Evidentiary Basis**: The facts before the Court, corroborated by documented attempts to resolve the access issues and formal complaints to regulatory bodies, strongly indicate that the Plaintiff will succeed on the merits of the case. The Defendant has not provided a

**MOTION FOR IMMEDIATE INJUNCTIVE RELIEF**

robust legal rationale for their actions, which suggests a lack of a defensible basis under the ECPA.

6. **Judicial Interpretations**: The broad protections afforded by the ECPA, coupled with judicial interpretations that favor safeguarding individual rights to electronic data privacy, further bolster the Plaintiff's position. This Court is urged to recognize the clear statutory violations and the Defendant's lack of compliance with established legal norms.

### D. Balance of Equities and Public Interest

7. **Equitable Considerations**: The balance of equities decidedly favors the Plaintiff, whose need for restored access to personal and professional data is critical and time-sensitive, outweighing any inconvenience the injunction may pose to the Defendant.

8. **Advancement of Public Interest**: Upholding the ECPA's provisions in this case serves the public interest by reinforcing legal standards governing electronic data privacy and the accountability of corporate entities in managing such data. It also sends a necessary signal to similar entities regarding the importance of adhering to statutory requirements, particularly in the handling of user data.

### ARTICLE IV: RELIEF REQUESTED

### A. Formal Apology and Public Explanation

1. **Public Apology:** The Plaintiff demands that Apple Inc. issue a public apology, to be published on their official website and major global news outlets, acknowledging the inconvenience and disruption caused to the Plaintiff and potentially other users facing similar issues.

2. **Explanation of Actions:** Alongside the public apology, the Defendant is requested to provide a comprehensive explanation detailing the background, reasons, and internal

**MOTION FOR IMMEDIATE INJUNCTIVE RELIEF**

decisions that led to the access issues described in this complaint. This explanation must be transparent, providing insight into the systemic failures that permitted these privacy breaches.

### B. Compensation for Legal Fees

3. **Legal Expenses:** Apple Inc. is requested to compensate the Plaintiff for all legal fees incurred in relation to this case, including but not limited to attorney fees, filing fees, and any other expenses directly related to the litigation of this matter.

### C. Future Assurances

4. **Preventive Measures:** The Court should order Apple Inc. to implement measures that ensure no similar data accessibility issues occur in the future. This includes modifying their data management and user support systems to comply strictly with the ECPA and other relevant privacy regulations.

### D. Criminal Accountability

5. **Criminal Responsibility:** Furthermore, the Plaintiff seeks to hold the principal individuals within Apple Inc. responsible for these violations to account, advocating for criminal charges that lead to a sentence of 5-10 years in prison without parole for those directly responsible for the oversight and decision-making that led to these egregious breaches of privacy. This action is intended to serve as a deterrent to prevent future corporate negligence and uphold the integrity of the U.S. judicial system.

### ARTICLE V: CONCLUSION

In light of the detailed allegations and evidence presented, and considering the legal arguments advanced herein, the Plaintiff, Mr. Liangbei Wang, respectfully requests

**MOTION FOR IMMEDIATE INJUNCTIVE RELIEF**

that this Honorable Court grant the Motion for Immediate Injunctive Relief. The Plaintiff has clearly demonstrated both the legal basis and the urgent need for the requested relief based on the following key points:

1. **Irrefutable Evidence of Harm**: The Plaintiff has provided substantial evidence of the significant, ongoing harm caused by the Defendant's actions, which have deprived the Plaintiff of access to personal and professional data crucial for his daily functioning and professional endeavors.

2. **Legal Justification**: The violations alleged herein concerning the Electronic Communications Privacy Act (ECPA) are substantiated by the facts and supported by statutory law, warranting the issuance of an injunction to prevent ongoing and future irreparable injury to the Plaintiff.

3. **Absence of Adequate Remedy at Law**: Given that monetary damages cannot adequately compensate for the loss of access to irreplaceable data and the disruption of the Plaintiff's personal and professional activities, only the restoration of access and the issuance of an injunction can provide complete relief.

4. **Balance of Equities**: The balance of equities tips overwhelmingly in favor of the Plaintiff, who seeks nothing more than the restoration of his rights and data. The inconvenience to the Defendant, a large corporate entity with significant resources, is minimal compared to the severe disruptions faced by the Plaintiff.

5. **Advancement of Public Interest**: Granting this motion would not only serve the private interests of the Plaintiff but would also promote public interest by upholding the integrity of statutory protections designed to safeguard electronic data privacy.

**MOTION FOR IMMEDIATE INJUNCTIVE RELIEF**

For these reasons, and in the interest of justice, the Plaintiff urges this Court to promptly grant the Motion for Immediate Injunctive Relief, thereby ensuring the restoration of the Plaintiff's data, access to his accounts, and a formal acknowledgment and explanation from the Defendant regarding the issues that precipitated this legal action.

Respectfully submitted:

Name: Liangbei Wang

Email: info@sharenet.app

Alt: wang352303@gmail.com

Dated: August 17, 2024

**Attorney for Plaintiff, Patricia Barbara**

MOTION FOR IMMEDIATE INJUNCTIVE RELIEF

1—Email cannot be opened



2—-Folders in the cloud drive are empty



3—Memo cannot be opened



4—

